UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEPUY SYNTHES SALES, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-01072-JMS-DLP |
| ORTHOLA, INC., <br> BRUCE A. CAVARNO, | ) |
| Defendants. | ) |

## ORDER

On June 19, 2019, the Court ordered the parties to show cause as to why this matter should not be consolidated with Cause No. 1:19-cv-1069. [Filing No. 43.] Both parties filed briefs in response to the Court's order, with Plaintiff DePuy Synthes Sales, Inc., ("DePuy") arguing against consolidation, [Filing No. 50], and Defendants OrthoLA, Inc. and Bruce Cavarno arguing in favor, [Filing No. 51]. For the reasons set forth herein, the Court **ORDERS** that this action be consolidated with Cause No. 1:19-cv-1069.

### I.
#### BACKGROUND

On March 18, 2019, DePuy filed a Petition to Compel Arbitration against OrthoLA, Inc. and Bruce A. Cavarno and to enjoin them from proceeding with their California state court action under the Anti-Injunction Act. [Filing No. 1.] DePuy's petition referenced a November 30, 2015 agreement entitled the "Continuing Income Agreement." [Filing No. 1 at 1.]

The same day, under cause number 1:19-cv-1069, DePuy filed a Petition to Compel Arbitration against the same Defendants and to enjoin them from proceeding with their California

state court action under the Anti-Injunction Act pursuant to a November 30, 2015 "Sales Representative Agreement." [Cause No. 1:19-cv-1069, Filing No. 1.]

Noting "the complete overlap of the parties and of the seemingly-related agreements and arguments at issue," the Court ordered the parties to confer and show cause "why this matter should not be consolidated with Cause No. 1:19-cv-1069." [Filing No. 43.]

## II.
### DISCUSSION

DePuy "requests that the Court retain the separate nature of the 1069 and 1072 Actions, continue to treat them as related cases, and decline to consolidate the 1072 Action with the 1069 Action." [Filing No. 50 at 1.] DePuy explains that this action relates to a Continuing Income Agreement, ("Income Agreement"), while 1:19-cv-1069 relates to a Sales Representative Agreement ("Sales Agreement"). [Filing No. 50 at 1-2.] DePuy then attempts to distinguish the two agreements, stating that the Sales Agreement "governed the terms and conditions of the relationship" between DePuy and Defendants, including "the obligations they owed to one another . . . relating to the [Sales Agreement's] expiration and/or termination," [Filing No. 50 at 2], while the Income Agreement "governs the relationship" between DePuy and Defendants "following the expiration or termination" of the Sales Agreement, [Filing No. 50 at 3]. DePuy also argues that the two cases have different objectives.[1] [Filing No. 50 at 2-4.] DePuy "acknowledges that the parties to the Actions are the same and that there is commonality as to the threshold issues

---

[1] Specifically, DePuy argues that this action seeks to "(1) compel the arbitration of claims asserted by Defendants . . . in the California State Court Litigation" related to income payments, and (2) "to enjoin Defendants from proceeding with their claims against [DePuy] in the California State Court Litigation during the pendency of the arbitration of such claims," [Filing No. 50 at 4], while 1:19-cv-1069 seeks to "(1) compel Defendants to arbitrate the claims [DePuy] asserted against them" in the pending Indiana arbitration action, and (2) to "enjoin Defendants from proceeding with their claims . . . in the California State Court Litigation," [Filing No. 50 at 2-3].

2

presented" by the cases but contends that "there are significant differences that warrant keeping the separateness of the Actions." [Filing No. 50 at 4-5.] DePuy further contends that consolidation runs the "risk of confusion and prejudice." [Filing No. 50 at 6.] Lastly, DePuy argues that even if the Court does order consolidation, "the distinct facts and circumstances presented in each Action" should be "treated separately for purposes of determining whether arbitration is appropriate." [Filing No. 50 at 7.]

Defendants argue that the Court should consolidate the two cases because they "involve common questions of fact or law" in that both "involve the exact same parties;" "seek to compel Defendants to attend arbitration . . . in Indiana; the majority of the two petitions are word for word the same; and the arbitration clauses upon which the petitions are based are virtually identical." [Filing No. 51 at 2.] Further, Defendants argue that there is "little risk of confusion because the Court, as opposed to a jury, is tasked with deciding the petitions to compel arbitration," and that there is "no possibility of prejudice." [Filing No. 51 at 2.] Further, Defendants contend that the Sales Agreement and Income Agreement "are between the same parties, were entered into at the same time, and relate to the same subject matter" and that the two agreements must be read together under Indiana and California law. [Filing No. 51 at 3.]

As both parties acknowledge, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42. The Seventh Circuit has stated that consolidation is "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *see also Hall v. Hall*, __ U.S. __, 138 S. Ct. 1118, 1125 (2018) (tracing the origins of consolidation in American courts back to 1813 when Congress authorized the newly-formed federal courts to consolidate "causes of like nature, or relative to the same

3

question," when it "shall appear reasonable" to avoid "unnecessary costs or delay in the administration of justice"). Rule 42(a) "leaves to a district judge's discretion . . . the decision whether to consolidate multiple suits." *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011).

In this case, the decision to consolidate the cases is not difficult. Even a cursory glance at the nearly-identical Petitions, Motions to Dismiss, and Responses thereto reveals the extent to which the two matters involve common questions of law and fact. Moreover, the Court does not find DePuy's arguments concerning confusion or prejudice persuasive. Even if, as DePuy contends, Defendants improperly treated the Income Agreement and Sales Agreement the same in their briefs in support of dismissal, separately considering the two Motions to Dismiss will do little to decrease confusion and, to the contrary, will require the Court to engage in significant duplication of efforts in drafting two separate orders. Additionally, as Defendants correctly point out, the two agreements must be read together under either Indiana or California law. [*See* Filing No. 51 at 3.] Lastly, the Court notes that its workload underscores the importance of the efficient administration of justice. *See* U.S. Courts, Federal Court Management Statistics, National Judicial Caseload Profile (Mar. 31, 2019)
https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0331.2019.pdf
(showing that the Southern District of Indiana has 1,058 weighted filings per judgeship, making it first in the Seventh Circuit and second in the United States). Accordingly, the Court finds that consolidation is appropriate under Rule 42(a) and will, in due course, rule upon the pending motions in the consolidated action.

# III.
## CONCLUSION

For the reasons set forth herein, the Court hereby **CONSOLIDATES** the two cases and **ORDERS** the Clerk to consolidate Cause No. 1:19-cv-1069 into Cause No. 1:19-cv-1072 and close Cause No. 1:19-cv-1069. The Clerk is further **ORDERED** to redocket the following filings from Cause No. 1:19-cv-1069 in Cause No. 1:19-cv-1072: the Complaint [1], as well as the pending Motions, Responses, and Replies [26] [27] [32] [33] [34] [38] [39] [40] [41]. All deadlines set in Cause No. 1:19-cv-1069 remain in effect. No final judgment will issue in Cause No. 1:19-cv-1069.

Date: 7/12/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**